ISRAEL GRIFFITH *vs.* PHILIP TURNER.—*December* 1846.

*T* addressed a letter to *G*, informing him that *E* and *P* were about to embark in business together, and stating, "should they make a bill with you, I will be responsible for the amount;" HELD, that the engagement on the part of *T*, was to be responsible for such bill as *E* and *P* should make, and not such bill as they should acknowledge they had made.

In an action to enforce the above guaranty, *P* had a right to have the delivery of the goods proved in the accustomed mode, and not by hearsay evidence. *E* and *P* were witnesses, and could have been examined to establish such delivery to them.

If *E* and *P* could be considered as agents, their declarations, *ex post facto*, in relation to the purchase, would not be admissible evidence to charge *T*.

In the presence of *T*, one of the firm of *E* and *P*, admitted the amount of their purchase from *G*, and that subsequent to said conversation, *T* called, in company with *E*, and expressed a wish that the same might be paid. HELD, that if *T* had knowledge of the facts admitted by *E*, and heard the admission, without observation, he might be considered by the jury as acquiescing, by his silence, in the verity of such admission.

Whether he had such knowledge, was a question of fact for the jury.

The reasons assigned by the court in 5 *Binney*, 198, for the admission in evidence of the declarations of a party who purchased goods, under a guaranty to charge his guarantor, are not satisfactory to this court.

The rejection of such admissions, is placed on the true legal ground in the case of 5 *Esp.*, 27.

The confession of a judgment, was received in evidence in the case of 12 *Wheat.*, 515, on the ground of the peculiar form of the guaranty, which made the guarantor answerable for the conduct and all the engagements of his son.

APPEAL from *St. Mary's* county court.

This was an action of *assumpsit*, commenced on the 1st July 1842, by the appellant against the appellee, who pleaded the general issue.

At the trial of this case, the plaintiff to support the issue on his part joined, read to the jury the following letter from *Philip Turner* to *Israel Griffith*, having first proved the signature of *Philip Turner* to said letter.

"*Chaptico*, 12*th Oct.* 1840.

MR. ISRAEL GRIFFITH,

*Dear Sir:*—The bearer, *Mr. James H. Egerton*, and his brother *Philip*, are about to embark in the mercantile business in *Benedict*. I beg leave to introduce them to your acquaint-

ance, as being worthy of confidence.   Should they make a bill with you, I will be responsible for the amount.

PHILIP TURNER.''

And then gave in evidence, that the *Messrs. Egertons* admitted, that they did make a bill with said *Griffith* on the 30th of November 1840, for $153.92; and further gave in evidence, that *one* of the *Messrs. Egertons*, in the presence of *Philip Turner*, admitted the amount of said bill; and when said guarantee was in the hands of the counsel of *Israel Griffith*, and admitted that the same was due; that said *Philip Turner*, subsequent to said conversation, called, in company with said *Egerton*, and expressed a wish that the same might be paid and settled; and at the same time, certain claims were assigned to the attorney of *Israel Griffith*, as collateral security, by the said *Egertons*, to pay the same, and other claims against the said *Egertons*.   Whereupon, on the prayer of the defendant, the court, (C. DORSEY, A. J.,) rejected the testimony, as not tending to shew an indebtedness on the part of the defendant to the plaintiff.   The plaintiff excepted.

The verdict and judgment being against the plaintiff, he prosecuted this appeal.

The cause was argued before ARCHER, C. J., DORSEY and MARTIN, J.

By J. JOHNSON for the appellant, and
By H. W. THOMAS for the appellee.

ARCHER, C. J., delivered the opinion of this court.

This suit was instituted against the defendant, to recover from him for goods alleged to have been sold and delivered on the following letter of guarantee.

''MR. ISRAEL GRIFFITH,

*Dear Sir:*—The bearer, *Mr. James H. Egerton*, and his brother *Philip*, are about to embark in the mercantile business in *Benedict.*   I beg to introduce them to your acquaintance, as being worthy of your confidence.   Should they make a bill with you, I will be responsible for the amount.

Very respectfully, &c.,

PHILIP TURNER.''

The plaintiff proved the above title to have been signed by the defendant, and to have been delivered to the plaintiff; and then offered evidence, that the *Messrs. Egertons* admitted they did make a bill with the plaintiff, on the 30th of November 1840, for $153.92, and that one of the *Messrs. Egertons*, in the presence of the defendant, admitted the amount of the said bill, and when said guarantee was in the hands of the counsel for the plaintiff, and admitted that the same was due; that the defendant, subsequent to said conversation, called, in company with said *Egerton*, and expressed a wish that the same might be paid and settled, and at the same time certain claims were assigned to the attorney of the plaintiff, as collateral security, to pay the same and other claims against the said *Egerton*.

On the prayer of the defendant, the court rejected the above offered testimony, as not tending to show an indebtedness on the part of the defendant to the plaintiff.

There is certainly a conflict in the decisions to which we have been referred, as to the admissibility in evidence of the admissions of the party on whose account the guarantee has been made, as against the guarantor. In 5 *Binney*, 195, such declarations were admitted, but the reasons assigned by the court for such admissions, are by no means satisfactory to us. In 5 *Esp.*, 27, such admissions were rejected as evidence by *Lord Ellenborough*, and we think he has placed the rejection on legal grounds. The engagement on the part of the defendant was, to be responsible for such bill as the *Messrs. Egertons* should make, not such bill as they should acknowledge they had made. The defendant had a right to have the delivery proved in the accustomed mode, and not by hearsay evidence. The *Egertons* were witnesses, and could have been examined in the cause, to establish the delivery of the goods in question to them. If the *Egertons* were to be treated as agents, (as it is supposed they should by the case in 5 *Bin.*, 195,) in the purchase of the goods, their declarations in the making of the contract would be evidence, but it would not follow that declarations and admissions made by them, in relation to the contract, at any time thereafter, would be admissible.

15 v.4

On this branch of the enquiry, the court have been referred to 12 *Wheat.*, 515, *Drummond and Prestman,* and to 2 *G. & J.,* 235, *Iglehart and McCubbin.* In relation to the case of *Drummond and Prestman,* it is only necessary to say, that the peculiar form of the guarantee in that case, which made the guarantor answerable for *the conduct and all the engagements* of his son, would clearly make admissible the son's engagement, entered into by the confession of a judgment, and we accordingly find the decision of the court placed upon grounds which do not apply to the case now before the court. In the case of *Iglehart and McCubbin,* 2 *G. & J.,* 235, it was determined, that a judgment against an executor was *prima facie* evidence, in a suit on the testamentary bond against the surety: this judgment of the court may perhaps be placed on the peculiar character of the instrument by which the surety's responsibility was incurred; and upon the ground assumed by the court, as to the obligations of a surety in a testamentary bond, arising from confessions of his principal, which, it occurs to us, ought not to govern the question of the admissibility of the evidence offered in the case now under consideration.

For the reasons above expressed, we are of opinion that the declarations of the *Messrs. Egertons* were not admissible evidence in the cause.

The admissions of one of the *Messrs. Egertons,* in the presence of the defendant, we, however, apprehend should be governed by different considerations. The defendant could not, it is true, be affected by his silence in regard to such admissions, if he had no knowledge of the facts admitted by *Egerton.* If, however, he possessed such knowledge, and heard the admissions, without observation, he might justly be considered by the jury as acquiescing by his silence in the verity of such admissions. Whether he had such knowledge, was a question for the jury from the evidence in the cause; and it may be remarked, that at a time subsequent to the admission adverted to, the defendant called, in company with the said *Egerton,* and expressed a wish that the same might be paid and settled, without any intimation that the admission adverted to was untrue or inaccurate.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.